UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:24-cv-00063 (UNA) |
| v. | ) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* amended complaint[1] ("Am. Compl."), ECF No. 4, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. The court grants plaintiff's IFP application, and for the reasons explained below, this case is dismissed without prejudice. *See* 28 U.S.C. §1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

At the outset, the court notes that plaintiff appears to reside in the District of Columbia but is currently unhoused. *See* Am. Compl. at caption; IFP App. ¶ 11. While the court is certainly understanding of plaintiff's circumstances, the Local Rules of this court nonetheless require that a *pro se* plaintiff must provide both their full residence address and telephone number in the caption

---

[1] While unclear, plaintiff appears to infer that his amended complaint is, perhaps, meant as some sort of supplement to the original complaint ("Compl."), ECF No. 1. *See* Am. Compl. at 1. But "[t]he general rule is that an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts an earlier pleading[,]" *Simms v. Dist. of Columbia Gov't*, 646 F. Supp. 2d 36, 37–38 (D.D.C. 2009), which plaintiff has clearly expressed. In any event, the court finds that the original complaint's allegations, predicated on an alleged long-term and wide-ranging conspiracy orchestrated against plaintiff by countless District of Columbia employees, as retaliation for plaintiff's heterosexuality and intention to run as an Independent Party candidate in the United States Presidential election, *see* Compl. at 1–7, are entirely frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

of their first filing or risk dismissal. *See* D.C. LCvR 5.1(c)(1). Without this information, the court cannot properly keep plaintiff apprised regarding his case.

Plaintiff's allegations themselves fare no better. He sues the District of Columbia, though the relief sought is unspecified. *See* Am. Compl. at 1–2. He alleges that, on January 8, 2024, he was at the Woodbridge Public Library, and another library patron reached inside his jacket and stole his wallet. *See id.* at 1. The following day, January 9, 2024, he reported the incident to the library police for investigation and review of its video surveillance, and although he was told he would receive a response, he has not yet received any information. *See id.* at 1–2.

First, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As discussed, a plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff has neither stated a federal question, *see* 28 U.S.C. § 1331, nor has he established diversity jurisdiction, *see* 28 U.S.C. § 1332, because he has not pleaded any amount in controversy, and moreover, he and the defendant are both located in the District, thus defeating complete diversity, s*ee Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

Second, to sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Even in affording plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), the amended complaint falls well short of stating an actionable claim.  Plaintiff complains that he had yet to receive a response from library police after reporting to theft to them on January 9, 2024, but plaintiff filed his amended complaint just six business days after he made his report to the library police.  *See* Am. Compl. at 1.  Simply put, plaintiff's "allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted), and here, his allegations fall well short of this standard.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 8, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge